IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARRYSSA M. MIDDLETON, | § | |
|       Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:20-CV-339-O |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
|       Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Marryssa M. Middleton, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a term of 336 months' imprisonment for her 2017 conviction in the United States District Court for the District of Kansas for conspiracy to commit kidnapping resulting in death. J., United States v. Middleton, Criminal Action No. 5:15-cr-40018-002, ECF No. 189. By way of this petition, Petitioner complains of retaliation, the conditions of her confinement, and the medical treatment she has received at FMC-Carswell and challenges a disciplinary proceeding involving Incident Report Number 3271001. Respondent provides the following factual summary:

> On June 22, 2019, a FMC Carswell Lieutenant saw Petitioner tell a nurse that she needed pain medication. Petitioner was sitting in a wheelchair fidgeting and acting agitated. The nurse told the Lieutenant that Petitioner had stated that she had taken another inmate's medication, Keppra, and Petitioner was not prescribed that medication. Petitioner was taken to the SHU. While in the SHU, Petitioner fell down, was examined by medical staff, and was ultimately sent to the local hospital for evaluation. Upon returning to FMC Carswell, Petitioner was again evaluated by medical staff and was noted to be incoherent and refusing to following commands.

Petitioner also told medical staff that she took several "Keppras" and other unknown drugs, in an alcoholic drink mixture known as hooch.

On June 29, 2019, the Lieutenant that observed Petitioner's behavior wrote Petitioner an incident report for a violation of Prohibited Code 199, Conduct Which Disrupts or Interferes with the Orderly Running of the Institution, Most Like Code 112, Use of Any Narcotics, Marijuana, Drugs, Alcohol, or Intoxicants. A copy of the incident report was delivered to Petitioner on June 29, 2019. The investigating officer advised Petitioner of her rights at that time.

On July 2, 2019, Petitioner was provided written notice of the DHO hearing and the charges against her. Petitioner requested a staff representative, Dr. Quick, for her DHO hearing but on July 9, 2019, waived her right to have a staff representative. Petitioner was also advised of her rights at the DHO hearing. Specifically, Petitioner was given notice that she had: (1) the right to a written copy of the charges against her at least 24-hours prior to appearing before the DHO; (2) the right to have a full time staff member who was reasonably available to represent her at the hearing; (3) the right to call witnesses and present documentary evidence on her behalf; (4) the right to present a statement or to remain silent; (5) the right to be present throughout the disciplinary hearing, except during deliberation or when institutional safety would be jeopardized; (6) the right to be advised of the DHO's decision, the facts supporting that decision, and the DHO's disposition in writing; and (7) the right to appeal the DHO's decision through the Administrative Remedy Procedure to the Regional Director within twenty days of the DHO's decision and disposition.

On July 9, 2019, at 9:21 a.m., the DHO conducted Petitioner's DHO hearing. The DHO considered the evidence presented including reporting officer's written statement as recorded in the incident report, two memoranda written by staff witnesses, a clinical encounter conducted by FMC Carswell medical, and the Petitioner's statement at the hearing. Based on the greater weight of the evidence, the DHO found Petitioner guilty of a violation of Prohibited Act Code 199 Most Like 112. The DHO sanctioned Petitioner with a total of 41 days of disallowed good conduct time, 45 days of disciplinary segregation, and 180 days loss of commissary and visitation privileges.

If Petitioner receives all good conduct time projected it is anticipated that Petitioner will be released from BOP custody on April 7, 2038.

Resp't's Resp. 1-3 (record citations omitted) (footnotes omitted).

**II. ISSUES**

Petitioner raises the following grounds for relief, verbatim:

    (1)    Have had multiple MRIs due to leg pain/locking . . . have been placed in a wheelchair 3 times for over 30 days due to leg strength/pain;

    (2)    Cut off of pain medications as well as restrictions pulled due to write ups on Dr. for unfair and unprofessional treatment;

    (3)    Date of offense was swollen and inflammed [sic], unable to walk. Refused 2 times treatment at Medsearch by Dr. Patel. Was giving [sic] sleeping medication by Doctor to stop coming back; and

    (4)    While being taken to special housing unit, in a wheelchair was unable to stand on my own due to inflammation. Staff was forcing me to stand to make me fall. Split open lip and broke teeth.

Pet. 6-8, ECF No. 1.[1]

Petitioner asserts the following request for relief, verbatim:

I was falsely charged because of being refused treatment/pain medications and making complaints in a negative way. I filed for my good days back and for the charge to be expunged. I sent in all my proof of medical history as well as visits to confirm tears as well as multiple damages due to "retaliation". In one remedy they filed I have no proof. Once I sent it all in, there was suppose [sic] to be an answer by Jan. 31, 2020. Went to the coordinator Mrs. Luxx and was ignored.

*Id.* at 8.

**III. DISCUSSION**

Courts have long recognized that habeas-corpus actions are the proper vehicle to challenge a prisoner's fact or duration of confinement. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Conversely, attacks by a federal prisoner regarding conditions or mistreatment during confinement are properly brought in civil-rights actions under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971)). *See Butts v. Martin,* 877 F.3d 571, 587 (5th Cir. 2017); *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000); *Carson v. Johnson,* 112 F.3d 818,

---

[1] The petition was filed with attachments; thus, the pagination in the ECF header of the document is used.

820-21 (5th Cir. 1997). Therefore, to the extent Petitioner complains of the conditions of her confinement and medical treatment, a *Bivens* civil-rights action is the appropriate vehicle for raising such claims.

To the extent Petitioner challenges the disciplinary proceedings, she is not entitled to habeas relief. In the context of a prison disciplinary proceeding resulting in the loss of good conduct time, constitutional due process requires that a prisoner at a minimum receive (1) written notice of the charges against her at least 24 hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in her defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974). In addition, there must be "some evidence" in the record that supports the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-56 (1985); *Richards v. Dretke,* 394 F.3d 291, 293 (5th Cir. 2004).

The requirements of due process were satisfied in this case. The incident occurred on June 22, 2019. On June 29, 2019, after conclusion of the investigation, prison officials notified Petitioner of the disciplinary charges by delivering a copy of the incident report to her. Resp't's App. 12, ECF No. 9. On July 2, 2019, prison officials notified Petitioner that a hearing would be held on a date to be determined and advised her of her rights at the hearing in writing. *Id.* at 12, 20-24. The disciplinary hearing was held on July 9, 2019. *Id.* at 14. Petitioner therefore received at least 24 hours advance notice of the charges. At the hearing, Petitioner waived the right to have a staff representative and was given an opportunity to make a statement, present evidence, and call witnesses on her behalf. *Id.* at 12-13, 24. On August 28, 2019, Petitioner was provided a copy of the disciplinary hearing officer's decision, reasons for the action taken, and the evidence relied upon and she was notified of her right

4

to appeal. *Id.* at 14. Additionally, the incident report, staff memorandums, and "clinical encounter injury assessment" were some evidence to support the disciplinary hearing officer's finding. *Id.* at 13.

Furthermore, although the Fifth Circuit has expressed doubt that a retaliation claim is cognizable in a § 2241 habeas petition, Petitioner fails to meet the elements of a retaliation claim. *See Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997); *Mohwish v. Yusuff,* 209 F.3d 718, 2000 WL 283164, at *1 (5th Cir. Feb. 1, 2000). She presents nothing to substantiate a retaliatory motive or a causal relationship between the officer's initiation of the disciplinary proceedings and her filing of "complaints." *See Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1997) (providing "[t]o state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred").

### IV.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 8th day of September, 2020.

                                                    Reed O'Connor
                                        **UNITED STATES DISTRICT JUDGE**